ACCEPTED
06-13-00051-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/2/2015 10:43:59 AM
DEBBIE AUTREY
CLERK

## NO. 06-13-00051-CV

**IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS
AT TEXARKANA, TEXAS**

RECEIVED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/2/2015 10:43:59 AM
DEBBIE AUTREY
Clerk

**WARREN WHISENHUNT,**
**Appellant,**

**v.**

**MATTHEW LIPPINCOTT and CREG PARKS,**
**Appellees and Cross-Appellants,**

**On Appeal from the County Court at Law of Hopkins County, Texas
Cause No. CV41303
The Honorable Amy M. Smith Presiding**

**APPELLEES AND CROSS-APPELLANTS, MATTHEW LIPPINCOTT
AND CREG PARKS', BRIEF ON REMAND**

Jon M. Smith
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
Telephone:  (512) 371-1006
Facsimile:   (512) 476-6685
jon@jonmichaelsmith.com

ORAL ARGUMENT REQUESTED

# REQUEST FOR ORAL ARGUMENT

Appellees and Cross-Appellants request oral argument. Because of the recent passage of the statute at issue, the recent flurry of appellate opinions interpreting the statute and, therefore, the unique nature of the issues presented in this case, oral argument will assist the court in reaching its decision.

# IDENTITY OF PARTIES AND COUNSEL

Appellant:                                           Warren Whisenhunt

Appellant's Counsel:                                 Farbod Farnia
                                                     State Bar No. 24078493
                                                     McCathern, L.L.P.
                                                     Regency Plaza
                                                     3710 Rawlins, Ste. 1600
                                                     Dallas, Texas  75219
                                                     Telephone:  (214) 741-2662
                                                     Facsimile:   (214) 741-4717

Appellees and Cross-Appellants:                      Matthew Lippincott and Creg Parks

Appellees' and Cross-Appellant's Counsel:  Jon M. Smith
                                                     State Bar No. 18630750
                                                     3305 Northland Drive
                                                     Suite 500
                                                     Austin, Texas 78731
                                                     Telephone:  (512) 371-1006
                                                     Facsimile:   (512) 476-6685
                                                     jon@jonmichaelsmith.com

## REFERENCE TO THE PARTIES

Appellees and Cross-Appellants will refer to Appellant, Warren Whisenhunt as "Whisenhunt" in their brief.  They will refer to Appellees and Cross-Appellants as "Lippincott" and "Parks."

## REFERENCE TO THE RECORD

| Reference | Meaning |
|---|---|
| C.R. ___ | Clerk's Record at page ___ |
| S.C.R. ____ | Supplemental Clerk's Record at page ___ |

# TABLE OF CONTENTS

**PAGE**

REQUEST FOR ORAL ARGUMENT……………………………….................ii

IDENTITY OF PARTIES AND COUNSEL…………………….............……...iii

REFERENCE TO THE PARTIES........……………………………………...iv

REFERENCE TO THE RECORD........………………………………….…..iv

TABLE OF CONTENTS………………………………………..…v

INDEX OF AUTHORITIES……………………………………….........vi

STATEMENT OF THE CASE ……………………………………….......2

STATEMENT OF FACTS ………………………………………….........3

STANDARD OF REVIEW ………………………………………….........6

SUMMARY OF THE ARGUMENT ………………………….................6

ISSUE 1

Whisenhunt failed to meet his burden of presenting clear and specific evidence as to each element of his causes of action.......................................6

SUMMARY …………………………………………………….............7

ARGUMENT AND AUTHORITIES ………………………………….........7

CONCLUSION ………………………………………………….........25

PRAYER ……………………………………………………............25

CERTIFICATE OF COMPLIANCE…………………………………….26

CERTIFICATE OF SERVICE …………………………………….......27

# INDEX OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Avila v. Larrea*, 394 S.W.3d 646, 652-653 (Tex. App.—Dallas 2013, writ pending)....................................................................................................6

*Bilbrey v. Williams*, 2015 Tex. App. LEXIS 2359 (Tex. App.—Fort Worth 2015, no writ)....................................................................................................22

*Chon Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).............................................18

*Cruz v. Van Sickle*, 452 S.W.3d 503 (Tex. App.—Dallas 2014, no writ)...............23

*Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995).........................................14

*In re Lipsky*, ___ S.W.3d. __, __ (Tex. 2015)..........................................................7

*Lippincott and Parks v. Whisenhunt*, 2015 Tex. LEXIS 347 (Tex. 2015)................2

*Main v. Royall*, 348 S.W.3d 381, 389 (Tex. App.—Dallas 2011, no pet.).............20

*Morgan Stanley & Co. v. Texas Oil Company*, 958 S.W.2d 178 (Tex. 1998)........14

*Plotkin v. Joekel*, 304 S.W.3d 455, 487 (Tex. App.—Houston [1st Dist.] 2009, no pet.)..........................................................................................................16

*Serafine v. Blunt*, 2015 Tex. App. LEXIS 4517 (Tex. App.—Austin 2015, no writ)....................................................................................................24

*Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010)...................................................................................................6

*WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)..........................19

*Whisenhunt v. Lippincott*, 416 S.W.3d 689, 692-694 (Tex. App.—Texarkana 2013)....................................................................................................2

**STATUTES**

Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-27.011 (West Supp. 2012)..............................................................................2, 4

## NO. 06-13-00051-CV

_____

# IN THE COURT OF APPEALS
# FOR THE SIXTH DISTRICT OF TEXAS
# AT TEXARKANA, TEXAS

_____

## WARREN WHISENHUNT,
### Appellant,

### v.

## MATTHEW LIPPINCOTT and CREG PARKS,
### Appellees and Cross-Appellants,

_____

### On Appeal from the County Court at Law of Hopkins County, Texas
### Cause No. CV41303
### The Honorable Amy M. Smith Presiding

_____

## APPELLEES AND CROSS-APPELLANTS, MATTHEW LIPPINCOTT
## AND CREG PARKS', BRIEF ON REMAND

_____


TO THE HONORABLE JUSTICES OF THE SIXTH COURT OF APPEALS:

Appellees and Cross-Appellants, Matthew Lippincott and Creg Parks, file this brief on remand requesting that this Court affirm the Trial Court's Final Judgment and would show as follows:

## STATEMENT OF THE CASE

Whisenhunt sued Parks and Lippincott, alleging defamation and other causes of action, based on communications Parks and Lippincott allegedly made to third parties about Whisenhunt. Parks and Lippincott filed a motion to dismiss pursuant to the Texas Citizens Participation Act ("TCPA"). Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-27.011 (West Supp. 2012).

This is an appeal of the trial court's order granting in part and denying in part Lippincott and Park's motion to dismiss. Whisenhunt appealed Judge Smith's order and Parks and Lippincott filed a cross-appeal arguing that Judge Smith erred by denying the motion as it related to Whisenhunt's defamation claim and by failing to award a sanction as required by the statute. This Court reversed Judge Smith's order, holding that the TCPA does not apply to speech that is privately communicated. *Whisenhunt v. Lippincott*, 416 S.W.3d 689, 692-694 (Tex. App.— Texarkana 2013).

The Texas Supreme Court reversed this Court's decision holding that Lippincott and Parks successfully demonstrated the applicability of the TCPA. *Lippincott and Parks v. Whisenhunt*, 2015 Tex. LEXIS 347 (Tex. 2015). The Supreme Court stated that this Court "must now consider, among other matters, whether Whisenhunt met the prima facie burden the Act requires. Id. The Supreme Court further stated that *In re Lipsky*, ___ S.W.3d. __, __ (Tex. 2015), squarely

addresses the standard a plaintiff must meet in order to establish a prima facie case and ordered this court to consider this case in light of its opinion in *Lipsky*. Id.

## STATEMENT OF FACTS[1]

On November 16, 2012, Whisenhunt sued Lippincott and Parks in Case Number CV41303 in the County Court at Law of Hopkins County, Texas. (C.R. 2) In his original petition Whisenhunt alleged that he is a Certified Registered Nurse Anesthetist and was a member and vice president of a company called SafeNET Anesthesia Services, P.L.L.C. ("SafeNET"). (C.R. 3) Whisenhunt alleged that SafeNET was the exclusive provider for anesthesiology services for another company, First Surgery Suites, LLC ("FSS"). (C.R. 3)

Whisenhunt also alleged in his original petition that Lippincott was hired as an administrator of FSS in May 2010 and that he communicated to FSS that his wife was an anesthesiologist and that she should be able to work for FSS. (C.R. 4) He also alleged that Parks and his company Alliance Managed Healthcare, L.L.C. were hired as an administrator of FSS and that both Parks and Lippincott recommended to FSS that it hire another anesthesiology provider. (C.R. 4)

Whisenhunt went on to allege in his original petition that Parks and Lippincott made communications and publications to other persons that attempted

---

[1] A detailed statement of facts is included in Parks and Lippincott's prior briefs in this court, but this section is provided for the convenience of the court.

to have FSS breach its agreement with Whisenhunt's company, alleging that Whisenhunt was responsible for FSS losing surgical patients and accusing Whisenhunt of sexual harassment, fraudulent behavior and incompetence. (C.R. 4-5)  Based on the factual allegations in his petition, Whisenhunt alleged the following causes of action: (1) Defamation; (2) Tortious Interference with Existing Business Relationships; (3) Tortious Interference with Prospective Business Relationships; and (4) Conspiracy to Interfere with Business Relations. (C.R. 5-7)

Parks and Whisenhunt timely filed their answer on December 21, 2012. (C.R. 18)  They also timely filed a motion to dismiss pursuant to the Texas Citizens Participation Act ("TCPA"), which provides for a dismissal of actions involving the exercise of certain constitutional rights. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-27.011 (West Supp. 2012). (C.R. 23)  The motion to dismiss stated that Whisenhunt's claims should be dismissed because they were based on, related to, or were in response to Lippincott's and Parks' exercise of the right of free speech, citing section 27.003 of the statute. (C.R. 23-24)

A hearing was set on the motion to dismiss for February 15, 2013 and Whisenhunt's attorneys were timely notified of it.  On February 14, 2013 Whisenhunt filed his response to the motion to dismiss. (C.R. 26)  Whisenhunt's response claimed that the motion to dismiss was improper under the Texas Anti-SLAPP statute, that the Anti-SLAPP statute does not apply to commercial speech

and that the evidence attached to the response established a prima facie case of the causes of action alleged by Whisenhunt. (C.R. 26-37) The only evidence attached to Whisenhunt's response to the motion to dismiss was three emails from Lippincott and the affidavit of Gary Boyd. (C.R. 39-48 and Appendix 3)

The motion to dismiss hearing was held on February 15, 2013 and on March 15, 2013 Judge Smith signed an order granting in part and denying in part the motion. (C.R. 49 and Appendix 1) Judge Smith dismissed Whisenhunt's claims for tortious interference with existing business relationships, tortious interference with prospective business relationships and conspiracy to interfere with business relations. (C.R. 49-50 and Appendix 1) She denied the motion with regard to Whisenhunt's defamation claim. (C.R. 49-50 and Appendix 1) She also ordered that Whisenhunt pay Lippincott and Parks attorney's fees in the amount of $2,887.50 but she did not order the payment of a sanction. (C.R. 49-50 and Appendix 1)

Whisenhunt filed his notice of appeal on May 15, 2013. (C.R. 52) Lippincott and Parks filed their notice of cross-appeal on May 23, 2013. (S.C.R. 25) The remaining aspects of the procedural history of this case are set forth in the Statement of the Case section above.

## STANDARD OF REVIEW

The determination as to whether a party has met its burden in responding to a TCPA motion to dismiss should be reviewed de novo as an issue of statutory construction. *Avila v. Larrea*, 394 S.W.3d 646, 652-653 (Tex. App.—Dallas 2013, writ pending), citing *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). In *Avila*, the court was reviewing, in part, the trial court's failure to grant a motion to dismiss under the TCPA and specifically considered whether the plaintiff had met his burden of establishing a prima facie case for each element of his claim by clear and specific evidence as required by the statute. *Avila*, 394 S.W.3d at 657.

## SUMMARY OF THE ARGUMENT

**ISSUE 1**

Whisenhunt failed to meet his burden of presenting clear and specific evidence as to each element of his causes of action.

**SUMMARY**

Lippincott and Parks' motion to dismiss should have been granted in its entirety. Neither Whisenhunt's original petition nor the evidence attached to his response to the motion to dismiss contained the level of detail or specificity that is required by the TCPA.

**ARGUMENTS AND AUTHORITIES**

When the facts of this case are considered in light of the Supreme Court's analysis in *Lipsky* and in light of other recently issued opinions discussing the topic, it is clear that Whisenhunt failed to meet the TCPA's requirement that he establish by clear and specific evidence a prima facie case for each essential element of his claims.

**In Re Lipsky**

The Lipskys drilled a water well for their house. *In re Lipsky*, 2015 Tex. LEXIS 350, *8 (Tex. 2015). Range later drilled two gas wells near the Lipskys' property. Id. After that, the Lipskys started having problems with their water production. Id. The Lipskys engaged an environmental consultant, Alisa Rich, who confirmed the presence of methane and other gases in the Lipskys' well. Id. Lipsky made a video of himself lighting gas escaping from a garden hose attached

to the vent of his well and sent it to the Environmental Protection Agency. Id. The EPA determined that Range's activities had contributed to gas in the Lipskys' water, but the Texas Railroad Commission conducted its own investigation and concluded that Range was not responsible. Id.

The Lipskys sued Range for damaging their water supply. Id. Range counterclaimed for civil conspiracy, aiding and abetting, defamation, and business disparagement and added Rich as a third party defendant. Id. The Lipskys and Rich filed a motion to dismiss the counterclaims pursuant to the TCPA which the trial court denied.

The court of appeals reversed the trial court as to the counterclaims against Lipsky's wife and Rich and ordered that those claims be dismissed. Id. However, the court of appeals held that the counterclaims against Lipsky should not be dismissed. Id. Lipsky appealed to the Texas Supreme Court.

The primary issue before the Supreme Court was whether a plaintiff opposing a TCPA motion to dismiss could rely on circumstantial evidence in its response[2]. In re Lipsky at *10. The Supreme Court held that circumstantial evidence may be enough to overcome a TCPA motion to dismiss. Id. But it also held that "mere notice pleading – that is, general allegations that merely recite the elements of a cause of action – will not suffice. Instead, a plaintiff must provide

---

[2] Whether or not circumstantial evidence can be considered is not an issue in the instant case.

enough detail to show the factual basis for its claim. In a defamation case that implicates the TCPA, pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss." Id.

### Whisenhunt's Pleading and Evidence

Whisenhunt's original petition contains the following factual allegations that are relevant to this appeal. In paragraph 12 it states that, "On or about June 29, 2011 Defendant Parks alleged to members of FSS and third parties interested in transacting business with Plaintiff that Whisenhunt was responsible for the loss of surgical patients at FSS as a result of Whisenhunt's unavailability for particular surgeries, basing these accusations on fabricated information." (C.R. 4-5) Paragraph 14 states, "Additionally, upon information and belief, Defendants Parks and Lippincott published certain defamatory and disparaging remarks to persons within FSS and third persons interested in business partnership with Whisenhunt. Defendants falsely accused Whisenhunt of sexually harassing the facility's nurses, of fraudulent behavior, and of incompetence as an anesthetist, going so far as to file false allegations against Whisenhunt with the Texas State Board of Nursing" (C.R. 5)

In response to the motion to dismiss, Whisenhunt filed a written response with two exhibits attached, A and B. (C.R. 26) Exhibit A purports to be a copy of an email string between Matt Lippincott and other individuals along with attachments to those emails. (C.R. 39 and Appendix 3)  Exhibit B is an affidavit signed by Gary Boyd, M.D. (C.R. 46 and Appendix 3) Importantly, no affidavit of Whisenhunt was offered.  Neither of the exhibits that were offered establishes by clear and specific evidence a prima facie case for each essential element of Whisenhunt's causes of action.

In Exhibit A there are what appear to be three emails from Lippincott to Joe Zasa, Brenda Myers and Reta Turner and an attachment to one of the emails. (C.R. 39-45 and Appendix 3)  There is no mention of Parks in Exhibit A and no indication that he was involved in either the emails or the attachment. (C.R. 39-45 and Appendix 3)  The first email, dated May 29, 2012 at 12:44 p.m. does not mention Mr. Whisenhunt's name. (C.R. 41 and Appendix 3)  The email mentions "HR reports" that Lippincott has collected. (C.R. 41 and Appendix 3)  In response, on May 29, 2012 at 2:51 p.m. Joe Zasa emails to Lippincott that "Reta Turner handles this." (C.R. 40 and Appendix 3)  Lippincott then responds later the same day with an email asking if he should forward a "high-level summary" to Reta to which Zasa responds "yes." (C.R. 40 and Appendix 3)

The last email in Exhibit A is dated May 30, 2012 at 12:01 p.m. and is from Lippincott to Turner. (C.R. 40 and Appendix 3) It purports to attach a summary of reports. (C.R. 40 and Appendix 3) The attachment to the emails states that it "summarizes some, but not all of the information from reports that I have received." (C.R. 42 and Appendix 3) It is made clear throughout the summary that Lippincott is merely passing along information and allegations provided to him by other persons. (C.R. 42-45 and Appendix 3) For example, in the third paragraph of the summary Lippincott states, "Most recently multiple departing employees have made the following statements to me . . ." (C.R. 42 and Appendix 3) He later refers to "other reports on file." (C.R. 42 and Appendix 3) The incident reporting forms mentioned in this portion of the summary mention Mr. Whisenhunt by name. (C.R. 42 and Appendix 3) The remainder of the summary is just that – a summary of reports made by other people. (C.R. 42-45 and Appendix 3)

There is no supporting evidence, such as affidavits, to establish the context of the emails. Nor is there any evidence to support any claim that any statement made in the emails or attachment is false.

Exhibit B is the affidavit of Gary Boyd, M.D. (C.R. 46-48 and Appendix 3) It specifically mentions Whisenhunt in only three of the eleven paragraphs. (C.R. 46-48 and Appendix 3) The affidavit states in paragraph 8 that, "Prior to the Termination Date, neither FSS nor the Center had received any notices of any type

of formal or informal complaints from Parks or AMH related, directly or indirectly, to the quality of the nursing services of any one or more of SNA, Whisenhunt, Tait or Johnson in connection with nurse anesthesia services provided by them to FSS and the Center." (C.R. 47 and Appendix 3) In paragraph 10 the affidavit states, "The undersigned acknowledges that FSS and the Center are very happy with the quality of the nurse anesthesia services that have been provided by SNA, Whisenhunt, Tait and Johnson to FSS and the Center." (C.R. 47-4 and Appendix 38) Finally, in paragraph 11, Boyd states, "Both FSS and the Center consider each of SNA, Whisenhunt, Tait and Johnson to be very professional and very capable in providing anesthesia services to all of the patients of the Center." (C.R. 48 and Appendix 3)

Exhibit B does not specifically address the emails or attachments contained in Exhibit A. (C.R. 46-48 and Appendix 3) There is nothing contained in Exhibit B that can be construed as claiming that anything contained in Exhibit A is false. (C.R. 46-48 and Appendix 3)

**There is no evidence of a prima facie case for tortious interference with business relationships**

According to Whisenhunt, the elements for tortious interference with existing business relationships are: (1) an existing business relationship subject to

interference, (2) a willful and intentional act of interference with the relationship, (3) that proximately caused the plaintiff's injury, and (4) caused damages or loss. (Appellant's Brief, p. 20). Neither the factual allegations in the original petition nor the Lippincott emails and Boyd email provide evidence of each of these elements.

The only business relationship mentioned in the evidence submitted by Whisenhunt is the relationship between SafeNet and First Surgery Suites. (C.R. 47) Therefore, that must be the relationship that Whisenhunt is alleging was tortiously interfered with.

Neither the Boyd affidavit nor the Lippincott emails contain any evidence that either Parks or Lippincott willfully and intentionally interfered with any business relationship between Whisenhunt and anyone else. There is no evidence of any activity by Parks in either the emails or the Boyd affidavit. As to Lippincott the only potential evidence is the email string in which Lippincott relays complaints made about Whisenhunt by others to Reta Turner. (C.R. 40-45) But there is no indication that those emails were sent in an effort to interfere with Whisenhunt's relationship with FSS. Whisenhunt alleges in his brief that the statements made in the Lippincott emails are false, but there is no evidence that

any statements in the emails are false[3]. The only mention of intent in the original petition is a bare allegation of intentional conduct. (C.R. 6)

There is also the fact that Lippincott was working for FSS when he sent the emails – his email address was matt.lippincott@firstsurgerysuites.com. Whisenhunt acknowledges that Lippincott was acting on behalf of FSS. (Appellant's Brief, p. 1). A party can not tortiously interfere with its own contract. *Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995). And generally, a corporation's agent cannot be held liable for interfering with his principal's contract. *Id*. In order to prevail on a claim of tortious interference with contract under these circumstances a plaintiff must show that the defendant acted in a fashion so contrary to the corporation's best interests in that his actions could only have been motivated by personal interests[4]. *Id*. There is simply no evidence on this point. The Lippincott emails can be construed as being sent in the interest of FSS in order to insure that it is in compliance with state regulations with regard to nursing. There is no evidence from anyone, let alone anyone with FSS, to indicate that Lippincott's sending of the emails was solely motivated by his personal interests.

---

[3] Throughout this section of Whisenhunt's appellant's brief, he refers to allegations in his pleadings as evidence. Appellant's Brief, p. 21. As will be discussed in a later section of this brief, Whisenhunt's pleadings should not be considered as evidence.

[4] The *Holloway* case discusses the tort of tortious interference with contract, not tortious interference with business relationships. But the premise in *Holloway* that an agent cannot, in most cases, interfere with his company's contract, was extended to the tort of tortious interference with prospective business relationships in *Morgan Stanley & Co. v. Texas Oil Company*, 958 S.W.2d 178 (Tex. 1998). It is, therefore, assumed, that if Texas recognizes the tort of tortious interference with business relationships it would apply this exception to it as well.

Nor is there any evidence of a causal connection between any acts of Lippincott or Parks and any damage to Whisenhunt. The only evidence of the current state of Whisenhunt's relationship with FSS is found in paragraphs 10 and 11 of the Boyd affidavit in which Boyd states that FSS is "very happy with the quality of nurse anesthesia services that have been provided by … Whisenhunt" and that FSS considers Whisenhunt "very professional and very capable in providing nurse anesthesia services[.] (C.R. 47-48). This hardly amounts to evidence of proximate cause and, in fact, could be construed as the opposite.

Finally, there is no specific allegation or any evidence of any damage to Whisenhunt. Paragraph 21 of the original petition merely makes a conclusory statement that, "Defendants' intentional conduct has and will continue to cause significant injuries and damages to Plaintiff, including but not limited to loss of good will, loss of renewal and prospective business, loss of income and profits, and loss or permanent injury to the value of Whisenhunt's business reputation, all to the irrevocable detriment of Plaintiff." (C.R. 6) Also, and as stated in the previous paragraph, Boyd's affidavit indicates that the relationship between Whisenhunt and FSS is in good condition. There is no statement concerning any damage to Whisenhunt in the Boyd affidavit. Likewise, there is no statement of any sort in the Lippincott emails about damage to Whisenhunt.

Because Whisenhunt presented no specific pleading and no evidence as to at

least three of the four elements of his claim for tortious interference with business relationships, he failed to meet his burden pursuant to Section 27.005(c) of the TCPA. Therefore, Judge Smith's dismissal of that claim should be affirmed.

**There is no specific allegation or evidence of a prima facie case for tortious interference with prospective business relationships**

The elements of a claim for tortious interference with prospective business relationships are similar to those for a claim of tortious interference with business relationships. To prevail on such a claim a plaintiff must prove (1) there was a reasonable probability that the Plaintiff would have entered into a business relationship with a third person; (2) the defendant intentionally interfered with the relationship; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff's injury; and (5) the plaintiff suffered actual damage or loss. *Plotkin v. Joekel*, 304 S.W.3d 455, 487 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

Whisenhunt offers no evidence of any probability of entering into a business relationship with a third person. There is no affidavit of a potential third person business associate or even an affidavit from Whisenhunt himself that gives the basic details of such a potential relationship.

As with his claim for tortious interference with business relationships,

Whisenhunt has offered no evidence of any tortious interference with prospective business relationships by either Parks or Lippincott. There is no evidence of any activity by Parks and there is no evidence that the emails sent by Lippincott were independently tortious. There is no evidence in the record of a causal connection between anything done by Parks or Lippincott and the loss of a prospective business relationship by Whisenhunt. Nor is there any evidence of any damage to Whisenhunt caused by anything.

Whisenhunt's original petition is likewise lacking in any detail regarding what specific potential business relationships, if any, were damaged or destroyed. (C.R. 7). There is no mention of any specific person or entity with whom Whisenhunt is alleging to have been forming a business relationship with. (C.R. 7)

Because Whisenhunt presented no specific pleading nor any evidence as to any of the five elements of his claim for tortious interference with prospective business relationships, he failed to meet his burden pursuant to Section 27.005(c) of the TCPA. Therefore, Judge Smith's dismissal of that claim should be affirmed.

**There is no evidence of a prima facie case for conspiracy to interfere with Whisenhunt's business relationship**

In order to establish a conspiracy claim a plaintiff must prove (1) The defendant was a member of a combination of two or more persons; (2) the object

of the combination was to accomplish (a) an unlawful purpose; or (b) a lawful purpose by unlawful means; (3) The members had a meeting of the minds on the object or course of action; (4) One of the members committed an unlawful, overt act to further the object or course of action; and (5) the plaintiff suffered injury as a proximate result of the wrongful act. *Chon Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Whisenhunt has failed to present any evidence on any one of the five elements.

The only evidence Whisenhunt offers for the first element – that there are two persons – is a reference to his original petition. Appellee's Brief, p. 23. The original petition itself, at paragraphs 26 through 29, is merely a recitation of the elements of the claim for conspiracy. (C.R. 7-8) As the Supreme Court stated in the *Lipsky* opinion, this is not enough to satisfy a plaintiff's burden in responding to a motion to dismiss under the TCPA. Also, and as stated above, there is no evidence whatsoever regarding Parks. The only evidence as to Lippincott is the email string, and none of the emails is sent to Parks or mentions Parks. Therefore, there is no evidence for the first element of conspiracy.

Because there is no evidence of a "combination of two or more persons" there is no evidence of any "object" of that combination. Likewise, and as stated above, there is no evidence in either the Boyd affidavit or the Lippincott emails of any unlawful purpose or unlawful means. There is no evidence of any "meeting of

the minds" between Parks and Lippincott. Finally, as with all of Lippincott's causes of action, there is no evidence of any injury or damage to him. As stated above, the only evidence of any business relationship is between Whisenhunt and FSS. Boyd's affidavit establishes that relationship to be undamaged. (C.R. 46-48).

Because Whisenhunt presented no evidence as to any of the five elements of his claim for conspiracy to interfere with business relationships, he failed to meet his burden pursuant to Section 27.005(c) of the TCPA. Therefore, Judge Smith's dismissal of that claim should be affirmed.

**There is Insufficient Detail and No Evidence of a Defamation Claim**

To maintain a defamation cause of action against Lippincott and Parks, Whisenhunt is required to prove, at a minimum: (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, and (3) that Lippincott and Parks acted negligently. In re Lipsky at *11, citing *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). To be actionable, a statement must assert an objectively verifiable fact. *Main v. Royall*, 348 S.W.3d 381, 389 (Tex. App.—Dallas 2011, no pet.).

Whisenhunt's original petition does not adequately establish the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged him, as required by the Supreme Court in the *Lipsky* opinion. The

allegation contained in paragraph 12 of the petition does not describe specifically what was said, to whom it was said, where it was said, how it was false and how it damaged Whisenhunt. (C.R. 4-5) Similarly, the factual allegations in paragraph 14 of the petition fail to describe specifically what was communicated, to whom it was communicated, when it was communicated, how it was false and how Whisenhunt was damaged by it. (C.R. 5)

There is no evidence in Exhibits A and B to Whisenhunt's response to the motion to dismiss that anything communicated by Parks or Lippincott was false. (C.R. 35-48 and Appendix 3) First, there is no evidence of anything communicated by Parks. (C.R. 35-48 and Appendix 3) Second, there are no statements of fact made by Lippincott in Exhibit A. (C.R. 35-45 and Appendix 3) He is clearly just passing along statements and reports made by others for the purpose of having others determine if further action should be taken. (C.R. 35-45 and Appendix 3) Third, there is no evidence in either Exhibit A or Exhibit B that Lippincott falsely or inaccurately reported the allegations. (C.R. 35-48 and Appendix 3) Fourth, there is no evidence in Exhibit B that anything stated in Exhibit A is false. (C.R. 46-48 and Appendix 3) Because there is no evidence of the falsity of anything stated in Exhibit A, Whisenhunt has failed to make a prima facie case by clear and specific evidence of each of the essential elements of his

defamation claim. Therefore, it should have been dismissed along with the rest of his claims.

Neither the factual allegations in Whisenhunt's petition nor the evidence attached to his response to the motion to dismiss amount to "clear and specific evidence" as required by the TCPA. Neither the petition nor the evidence attached to the response to the motion to dismiss "explicit" or "relate to a particular named thing" as required by the Supreme Court in the *Lipsky* opinion.

**Pleadings Should not be Considered as Evidence**

As stated above, the Texas Supreme Court in its opinion on this case referred this Court to its opinion in *In re Lipsky* with regard to the determination as to whether Whisenhunt had met his burden of clear and specific evidence in responding to the motion to dismiss under the TCPA. As explained above, the Supreme Court discussed in *Lipsky* the level of detail required in a pleading subject to dismissal under the TCPA. However, it did not explicitly hold that pleadings can be considered as "evidence" in the determination of whether a plaintiff has met its burden in responding to a motion to dismiss[5].

---

[5] As has been previously briefed by Lippincott and Parks in this court, there is longstanding Texas legal precedent for thenotion that Pleadings are not competent evidence, even if sworn or verified. *Laidlaw Waste Systems v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995), citing *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971). The discussion in the previous sections assume that the pleadings may be considered in determining whether a plaintiff has met its burden in responding to a motion to dismiss under the TCPA, but that may not be the case.

In fact, the Supreme Court's discussion of the information that it considered in determining whether the various motions to dismiss should be granted focused on actual evidence, not pleadings. The court considered the affidavit of Range's senior vice president regarding damages. *In re Lipsky* at *10-11. The court considered nine specific published statements relied upon by Range in support of its defamation claim. *In re Lipsky* at *11-12. The court also discussed and considered reports issued by the Environmental Protection Agency and Texas Railroad Commission. *In re Lipsky* at *11.

There is no indication that the Supreme Court considered only Range's factual allegations in its pleading in determining whether it had met its burden in responding to the motion to dismiss. Likewise, other courts that have recently considered the same issue have focused on evidence as opposed to pleadings.

In *Bilbrey v. Williams*, No. 02-13-00332-CV, 2015 Tex. App. LEXIS 2359 (Tex. App.—Fort Worth 2015, no writ) Williams sued Bilbrey and others for statements that were made about Williams concerning his conduct at a little league baseball game. The defendants filed motions to dismiss pursuant to the TCPA which the trial court denied. Williams responded attaching multiple affidavits and included specific recitations of the oral and written statements about which he was complaining. *Bilbrey*, at *7. Despite evidence that was much more detailed and specific than that supplied by Whisenhunt in this lawsuit, the court of appeals held

that Williams had not met his burden of "clear and specific evidence" under the TCPA and ordered that his claims be dismissed. *Bilbrey*, at *11.

In *Cruz v. Van Sickle*, 452 S.W.3d 503 (Tex. App.—Dallas 2014, no writ) Cruz sued Van Sickle and others for libel. As with the other cases discussed in the foregoing paragraphs, the plaintiff, Cruz, complained about a specific and definite statement that was published about him. The statement was published in an online report and stated as follows: "Baltasar Cruz is another primary candidate from 2010 who attempted to knock out former State Representative Dale Tillery who is now District Judge of the 134th Judicial District. Baltasar also has the distinction of being thrown out three times, finally by the police, of an Elizabeth Edwards book signing event in Dallas several years ago." *Cruz*, 452 S.W.3d at 510. Because Cruz was suing a media defendant he was required to prove the element of actual malice. He pled actual malice, but the court held that his response included "no evidence that the statement of which he complains was published with actual malice[.]" In other words, the court in *Cruz* found that bare pleadings alone were insufficient and held that dismissal under the TCPA is proper when there is no evidence to support a required element of a plaintiff's cause of action, even when that element has been pleaded.

And in *Serafine v. Blunt*, No. 03-12-00726-CV, 2015 Tex. App. LEXIS 4517 (Tex. App.—Austin 2015, no writ) the Austin court of appeals found that a

plaintiff's affidavit in response to a TCPA motion to dismiss contained insufficient detail to meet the statute's burden of proof. Serafine sued the Blunts over a property dispute and the Blunts counterclaimed for tortious interference with their contract with a drainage and foundation company. Serafine filed a motion to dismiss the Blunts' counterclaim under the TCPA which the trial court denied.

In support of their response to the motion to dismiss, the Blunts supplied the affidavit of Alexander Blunt as well as his live testimony at the hearing. Mr. Blunt testified to an agreement with Austin Drainage but he did not attach a copy of the contract or supply any specific terms of the contract. The Austin Court of Appeals held that "Mr. Blunt's testimony was not clear and specific enough to support a rational inference that a valid contract existed between the parties." *Serafine*, at \*6. The court also held that the Blunts' evidence was insufficient to establish a breach of the contract. Id. Finally, the court of appeals held that the Blunts' evidence was insufficient to establish the chain of title and intent necessary to establish their fraudulent-lien counterclaim. *Serafine* at \*7. Presumably the Blunts adequately pled the necessary elements of their causes of action, but because they did not supply clear and specific evidence of them in response to the motion to dismiss, the court of appeals reversed the trial court and dismissed their counterclaims.

## CONCLUSION

Whisenhunt has failed to meet his burden of clear and specific evidence of each element of his claim. The trial court therefore erred when she failed to dismiss Whisenhunt's claims in their entirety and when she failed to impose a sanction against him as required by the TCPA.

## PRAYER

**FOR THE FOREGOING REASONS**, Appellees and Cross-Appellants pray that this Court affirm the trial court's dismissal of Whisenhunt's tortious interference and conspiracy claims but reverse her failure to dismiss his defamation claim. Appellees and Cross-Appellants also respectfully request that this Court reverse Judge Smith's failure to impose the mandatory sanction against Whisenhunt and remand this case to the trial court for the purpose of allowing the court to consider evidence regarding the proper imposition of attorney's fees, costs and sanctions.

Respectfully submitted,


_/s/_Jon Smith_____
Jon M. Smith
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
Telephone:  (512) 371-1006
Facsimile:   (512) 476-6685
jon@jonmichaelsmith.com


***ATTORNEY FOR CROSS-APPELLANTS***


## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), to the extent applicable, I certify that this brief contains 6017 words.


_/s/_Jon Smith_____
Jon Michael Smith

## CERTIFICATE OF SERVICE

I, Jon Michael Smith, do hereby certify that a true and correct copy of the foregoing document was delivered to all attorneys of record as listed below via regular mail on July 2, 2015.

Alan E. Brown
Boyd & Brown, P.C.
1215 Pruitt Place
Tyler, Texas 75703

Farbod Farnia
McCathern, L.L.P.
Regency Plaza
3710 Rawlins, Ste. 1600
Dallas, Texas 75219

_/s/_Jon Smith_____
Jon Michael Smith